UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LYNNIE ALFONZO ROBERSON,

        Defendant.

_____/

Criminal Case No. 13-20090
Civil Case No. 16-12370

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE [39]**

Defendant Lynnie Roberson, through counsel, filed a Motion to Vacate Sentence pursuant to 28 U.S.C § 2255 [39] on June 24, 2016. The Government filed a Response [45] on December 1, 2016. Defendant filed a Reply [46] on December 15, 2016. For the reasons stated below, the Motion to Vacate Sentence [39] is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 4, 2013, Roberson pleaded guilty to Distribution of Crack Cocaine (Counts V and VI) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). The Rule 11 Plea Agreement [31] provided a Sentencing Guidelines' range of 151-188 months, based in part on an enhancement under the Guidelines' career offender provisions, § 4B1.2(a), for a 2003 conviction of Assault of a Prison

Employee. The Plea Agreement [31] also included a joint recommendation that the Court sentence Roberson to five years of imprisonment.

The Court held a Sentencing Hearing on January 23, 2014. On January 30, 2014, the Court sentenced Roberson to five years of imprisonment on Counts V and VI to be served concurrently. Roberson did not appeal his conviction.

On June 24, 2016, Roberson filed the instant § 2255 Motion seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). On July 7, 2016, the Government filed a Motion to Stay Litigation Pending Supreme Court's Decision in *Beckles v. United States* [42]. On August 15, 2016, the Court denied the Government's Motion to Stay. [Dkt. #43]. The Government filed a Response [45] to Roberson's § 2255 Motion on December 1, 2016. Roberson filed a Reply [46] on December 15, 2016.

Roberson was released from the custody of the Federal Bureau of Prisons on July 31, 2017.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959,

964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

In his Motion [39], Roberson argues that he is entitled to resentencing under *Johnson* because his 2003 conviction for Assault of a Prison Employee no longer qualifies as a "crime of violence" under the career offender provisions of the Guidelines.[1] Roberson maintains that his appropriate Guidelines' range is 30-37 months.

## I. Roberson's claim for relief is moot

A petitioner who files a § 2255 motion must demonstrate that he has standing to seek relief from the federal courts. *Pola v. United States*, 778 F.3d 525, 529 (6th Cir. 2015). Once a petitioner's sentence has expired, some concrete and continuing injury other than the now-ended incarceration or parole—a "collateral consequence" of the conviction—must exist if the suit is to be maintained and not considered moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

"Where a habeas petitioner chooses to attack only his or her sentence, and not the underlying conviction, and that sentence expires during the course of the

---

[1] In his Motion [39], Roberson also argued that his 2002 and 2008 convictions for Resisting/Obstructing Police no longer qualify as "crimes of violence." The Government did not address this argument in its Response [45], but instead cited to Roberson's 2001 conviction for Criminal Sexual Conduct/Assault as a basis for enhancing his sentence under the career offender provisions of the Guidelines.

habeas proceeding, the habeas petitioner's claim for relief is moot." *Brock v. White*, No. 2:09-CV-14005, 2011 WL 1565188, at *2 (E.D. Mich. Apr. 25, 2011).

Roberson filed the instant Motion [39] on June 24, 2016. Because Roberson has since been released from federal custody, attacks only his sentence, and does not claim to be suffering from a collateral consequence of his conviction, his claim for relief is moot. *See United States v. Perotti*, 702 F. App'x 322, 325 (6th Cir. 2017) (rendering as moot an appeal of the district court's order denying the defendant's § 2255 petition where he was released from federal custody); *see also United States v. Buchannan*, No. 02-90030, 2008 WL 2008556, at *2 (E.D. Mich. May 8, 2008) ("Because defendant challenges only his sentence, and not his underlying conviction or supervised release revocation, his release from that sentence renders his motion moot.").

## II. *Beckles v. United States*, 137 S. Ct. 886 (2017) precludes Roberson's claim for relief

Even if Roberson's claim were not moot, his argument for the application of *Johnson* is without merit. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates due process" because the residual clause is unconstitutionally vague. 135 S. Ct. at 2554. However, Roberson was sentenced under the career offender provisions of the Sentencing Guidelines, not under the ACCA. In *Beckles*, the Supreme Court held that the Sentencing Guidelines, unlike the ACCA, are not

habeas proceeding, the habeas petitioner's claim for relief is moot." *Brock v. White*, No. 2:09-CV-14005, 2011 WL 1565188, at *2 (E.D. Mich. Apr. 25, 2011).

Roberson filed the instant Motion [39] on June 24, 2016. Because Roberson has since been released from federal custody, attacks only his sentence, and does not claim to be suffering from a collateral consequence of his conviction, his claim for relief is moot. *See United States v. Perotti*, 702 F. App'x 322, 325 (6th Cir. 2017) (rendering as moot an appeal of the district court's order denying the defendant's § 2255 petition where he was released from federal custody); *see also United States v. Buchannan*, No. 02-90030, 2008 WL 2008556, at *2 (E.D. Mich. May 8, 2008) ("Because defendant challenges only his sentence, and not his underlying conviction or supervised release revocation, his release from that sentence renders his motion moot.").

## II. *Beckles v. United States*, 137 S. Ct. 886 (2017) precludes Roberson's claim for relief

Even if Roberson's claim were not moot, his argument for the application of *Johnson* is without merit. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates due process" because the residual clause is unconstitutionally vague. 135 S. Ct. at 2554. However, Roberson was sentenced under the career offender provisions of the Sentencing Guidelines, not under the ACCA. In *Beckles*, the Supreme Court held that the Sentencing Guidelines, unlike the ACCA, are not

habeas proceeding, the habeas petitioner's claim for relief is moot." *Brock v. White*, No. 2:09-CV-14005, 2011 WL 1565188, at *2 (E.D. Mich. Apr. 25, 2011).

Roberson filed the instant Motion [39] on June 24, 2016. Because Roberson has since been released from federal custody, attacks only his sentence, and does not claim to be suffering from a collateral consequence of his conviction, his claim for relief is moot. *See United States v. Perotti*, 702 F. App'x 322, 325 (6th Cir. 2017) (rendering as moot an appeal of the district court's order denying the defendant's § 2255 petition where he was released from federal custody); *see also United States v. Buchannan*, No. 02-90030, 2008 WL 2008556, at *2 (E.D. Mich. May 8, 2008) ("Because defendant challenges only his sentence, and not his underlying conviction or supervised release revocation, his release from that sentence renders his motion moot.").

## II. *Beckles v. United States*, 137 S. Ct. 886 (2017) precludes Roberson's claim for relief

Even if Roberson's claim were not moot, his argument for the application of *Johnson* is without merit. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates due process" because the residual clause is unconstitutionally vague. 135 S. Ct. at 2554. However, Roberson was sentenced under the career offender provisions of the Sentencing Guidelines, not under the ACCA. In *Beckles*, the Supreme Court held that the Sentencing Guidelines, unlike the ACCA, are not

subject to a vagueness challenge. 137 S. Ct. at 888. Therefore, *Beckles* forecloses Roberson's sole argument for relief.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Vacate Sentence [39] is **DENIED**. Defendant is **DENIED** a certificate of appealability.


Dated: February 20, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge